IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HECKER, et al.,

        Plaintiffs,                No. CIV S-05-2441 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

        Defendants.             ORDER

                              /

        Plaintiffs are state prisoners proceeding through counsel with a proposed class action raising claims under the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and California Government Code § 11135. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

---

[1] Plaintiffs continue to object to the referral of this matter to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Relying primarily on McCarthy v. Bronson, 500 U.S. 136 (1991), plaintiffs contend that the referral authorized by 28 U.S.C. § 636(b)(1)(B) is limited to "prisoner habeas petitions and prisoner petitions regarding conditions of confinement under 42 U.S.C. § 1983." Plaintiffs argue that since this action arises under federal statutes other than 42 U.S.C. § 1983 referral to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) is not authorized by that section. Plaintiffs read McCarthy and the applicable statute too narrowly.

/////
/////
/////

On February 27, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within ten days. Plaintiffs have filed objections to the findings and recommendations.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

---

Section 636(b)(1)(B) provides in relevant part:

> (B) a judge may ... designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, ... of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B). In McCarthy v. Bronson, the United States Supreme Court held that referrals under this section properly included individual actions "challenging specific acts of alleged misconduct" as well as those "challenging ongoing conditions." McCarthy, 500 U.S. at 143. In so holding, the Court found that "[t]he text of the statute does not define the term 'conditions of confinement' or contain any language suggesting that prisoner petitions should be divided into subcategories. On the contrary, when the relevant section is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of *all* prisoner petitions to a magistrate [judge]." Id. at 139 (emphasis in original). The Court did specifically find that Congress "intended to include in their entirety the two primary categories of suits brought by prisoners-applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254 and 2255 and actions for monetary or injunctive relief under 42 U.S.C. § 1983." Id. at 140. Neither that specific reference to 42 U.S.C. § 1983 nor anything else in McCarthy suggests, however, that referral to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) is only authorized for prisoner petitions brought under the three provisions of federal law specifically referenced in the foregoing sentence.

The instant action is brought, through counsel, by prisoner plaintiffs challenging conditions of their confinement and is a "prisoner petition challenging conditions of confinement" within the meaning of 28 U.S.C. § 636(b)(1)(B). For all of the foregoing reasons, plaintiffs' continuing objection to the referral of this matter to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is overruled.

[2] Plaintiffs have also requested oral argument on the matter at bar. That request is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 27, 2007, are adopted in full;

2. This matter is referred to the special master in <u>Coleman v. Schwarzenegger</u>, No. CIV S-90-0520 LKK JFM P for a report and recommendation as to whether the claims raised herein can be resolved within the remedial phase of that action, said report to be filed within ninety days from the date of this order;

3. This action is stayed until said report from the <u>Coleman</u> special master has been filed and considered by this court; and

4. The Clerk of the Court is directed to serve a copy of this order on J. Michael Keating, Jr., Special Master in <u>Coleman v. Schwarzenegger</u> and on the parties in the <u>Coleman</u> case.

DATED: March 15, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT