CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
DISABILITY RIGHTS PROGRAM
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0770
Facsimile: (415) 395-0950
Email: ccenter@aclu.org

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
BLAKE THOMPSON – 255600
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
egalvan@rbgg.com
bthompson@rbgg.com

Attorneys for Plaintiffs

KAMALA D. HARRIS – 146672
Attorney General of California
JAY C. RUSSELL – 122626
Supervising Deputy Attorney General
MICHAEL J. Quinn – 209542
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone: (415) 703-5717
Facsimile: (415) 703-5843
E-mail: Jay.Russell@doj.ca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HECKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., <br><br> Defendants. | Case No. 2:05-CV-02441 LKK-DAD <br><br> **ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Judge: Hon. Lawrence K. Karlton |

This Court has presided over the proceedings in the above-captioned action and has reviewed all of the pleadings, records, and papers on file.

The parties have entered into a Settlement Agreement, which was filed with the Court as Exhibit 1 to the Declaration of Michael W. Bien in Support of Joint Motion for Preliminary Approval of Class Action Settlement on August 5, 2014.

The Court has reviewed the Joint Motion for Preliminary Approval of Class Action Settlement, along with the Settlement Agreement and supporting documents, and has considered the parties' arguments concerning the proposed settlement of this action.

The Court has determined that inquiry should be made as to the fairness and adequacy of this proposed settlement.

Accordingly, good cause appearing, IT IS ORDERED AS FOLLOWS:

1. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Court finds that this standard is met in this case, as the proposed settlement is the product of arm's-length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation, under the guidance of the Court's Special Master in *Coleman v. Brown*. The Settlement Agreement is granted preliminary approval and incorporated by reference, and has the full force and effect of an order of this Court, subject to the right of Class Members to challenge the fairness, reasonableness or adequacy of Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case should not be entered following a Final Fairness Hearing.

2. The Court certifies, for settlement purposes only, under Federal Rules of Civil Procedure 23(a) & (b)(2), an injunctive relief settlement class (together the "Settlement Class") defined as:  all present and future CDCR inmates with psychiatric

[1251472-4]

1

[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

conditions that are disabilities as defined by the ADA and the Rehabilitation Act and who are allegedly excluded and/or screened out from any prison program, service, or activity on the basis of their assignment to or participation in the MHSDS [Mental Health Service Delivery System] program, including the CCCMS [Correctional Clinical Case Management System] and EOP [Enhanced Outpatient Program].

3. The Court finds, for settlement purposes only, that the proposed class meets the requirements under Rule 23(a) of numerosity, commonality and typicality to justify certification, and that there is adequate and fair representation.

4. The proposed settlement class meets the requirements of Rule 23(b)(2) because the issues resolved under the Settlement Agreement "apply generally to the class." Fed. R. Civ. P. 23(b)(2).

5. Under Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints Rosen Bien Galvan & Grunfeld LLP and the ACLU Foundation of Northern California as Class Counsel to represent the Settlement Class for purposes of the Settlement.

6. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties on August 5, 2014, and finds that the proposed method of disseminating the Class Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances.

7. Within three days of this Order, the parties are directed to prepare a final version of the Notice, incorporating the dates set forth in this Order.

8. Within thirty days of this Order, CDCR is directed to post the Notice in English and Spanish in all California prisons in such a manner as to make the notice visible to all prisoners. Within thirty days of this Order, CDCR is also directed to place a copy of this Order and the full Settlement Agreement in every CDCR library. Defendants must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

9. A Final Fairness Hearing shall take place at 10:00 a.m. on Friday, December

1  5, 2014 at the United States District Court for the Eastern District of California, United
2  States Courthouse, 501 I St., Sacramento CA 95814, in Courtroom 3, to determine whether
3  the proposed settlement of this action on the terms and conditions provided for in the
4  Settlement Agreement is fair, reasonable, and adequate and should be finally approved by
5  the Court, and whether this action should be dismissed under the settlement.  The hearing
6  may be continued from time to time without further notice.  Any further briefing from the
7  parties in advance of the hearing shall be filed no later than November 21, 2014.

8      10.    Any member of the class may enter an appearance on his or her own behalf
9  in this action through that class member's own attorney (at their own expense), but need
10 not do so.  Class members who do not enter an appearance through their own attorneys
11 will be represented by Class counsel.  Alternatively, any member of the class may write to
12 the federal court about whether the settlement is fair.  The federal court will consider
13 written communications when deciding whether to approve the settlement.  Comments
14 regarding the fairness of the settlement MUST include at the top of the first page the case
15 name (*Hecker v. CDCR*) and the case number (2:05-CV-02441 LKK-DAD).  A written
16 comment must contain the author's full name and CDCR number, must include all
17 objections and the reasons for them, must include any and all supporting papers (including,
18 without limitation, all briefs, written evidence, and declarations), and must be signed by
19 the Class Member.  A Class Member who desires to comment but who fails to comply
20 with the above objection procedure and timeline shall be deemed to have not objected and
21 the objection shall not be heard or considered at the hearing.  Comments must be
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

[1251472-4]

postmarked by November 7, 2014 and must be sent to the following address:

Clerk of the Court<br>
United States District Court<br>
Eastern District of California<br>
501 "I" Street<br>
Sacramento, CA 95814

11. The status conference set for August 8, 2014 at 1:30 p.m. is dropped from calendar.

**IT IS SO ORDERED**.

DATED: August 7, 2014

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

[1251472-4]