UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HECKER, et al., | No. 2:05-cv-2441 KJM DAD P |
| Plaintiffs, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

This matter came on for hearing on December 8, 2014 on the joint motion of the parties for final approval of the settlement agreement reached in this matter. Michael Bien, Esq., Blake Thompson, Esq., and Claudia Center, Esq., appeared as counsel for the plaintiff class. Michael Quinn, Deputy Attorney General, appeared as counsel for defendants.

At the hearing, the court asked the parties for clarification concerning the effectiveness of notice to the class. The court finds the content of the notice provided to be adequate and notes the notice has been posted in the thirty-four state prisons in which class members are housed in a manner consistent with the posting requirements ordered by the court in the related case of *Coleman v. Brown*, No. 2:09-cv-0520.[1] At any given time several hundred

---

[1] At the hearing, counsel represented to the court that the *Coleman* class and the *Hecker* classes are identical in terms of the mentally ill inmate population covered by each class, and that the *Hecker* class is a subset of the *Coleman* class to the extent the *Hecker* class is defined as inmates who have experienced discrimination as a result of their

1

*Coleman* class members are housed in inpatient programs, with one operated by the California Department of Corrections and Rehabilitation (CDCR) and six operated by the California Department of State Hospitals (DSH). *See* Order filed July 11, 2013 (ECF No. 4688) at 2 n.3; *see also Coleman v. Brown* ECF No. 5249 (SEALED) (November 2014 Monthly Bed Utilization Report for DSH Facilities). Good cause appearing, the parties will be directed to show cause in writing why the notice to the *Hecker* class should not be posted forthwith in all inpatient program units in which members of the *Coleman* class are housed.

The proposed order submitted by the parties includes a provision requiring them to "agree on a revised *Coleman* notice advising class members that issues alleged" in *Hecker* "shall now be addressed in *Coleman*" and for defendants to affirm publication of said revised notice. Proposed Order (ECF No. 132-1). At the hearing, the court discussed with the parties whether this revised notice should be published prior to final approval of the settlement in this action. The court has not resolved that question. At the hearing the court indicated to the parties it is likely to give final approval to the settlement agreement but that, in an abundance of caution, such approval will be deferred until after February 17, 2015, the end of the notice period in the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.[2] Accordingly, good cause appearing the parties will be directed to submit the revised *Coleman* notice to the court by January 23, 2015. The court will, thereafter, determine whether the revised *Coleman* notice should be posted before or after final approval of the settlement agreement in this action.

There are seventeen named plaintiffs in the second amended complaint (ECF No. 35). Review of CDCR inmate locator records suggests that eight of those individuals are no longer housed in a California state prison. These individuals are Robert Hecker, Christopher Lee Jenkins, Ying Watt, Askia Ashanti, Daniel Hunley, Michael Lovelace, Samuel D'Angelo, Jr., and Jon Schooley. In addition, it is unclear whether named plaintiffs John Mueller and Quinton Gray are currently incarcerated.[3] Good cause appearing, plaintiffs will be directed to show cause why

---

psychiatric disorders.

[2] The court makes no finding that the parties were required to provide CAFA notice in this case. However, defendants have provided such notice and plaintiffs represented they have no objection to delaying final approval in this action until the end of the statutory notice period.

[3] There are individuals with these names currently incarcerated in CDCR institutions who were received into CDCR

some or all of these named plaintiffs should not be dismissed.  *See Johnson v. Duffy,* 588 F.2d 740, 745 (9th Cir. 1978) (quoting *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." ).

Finally, the parties have responded to the court's inquiry concerning the related case, *Wilson v. Woodford*, No. 2:05-cv-0876.  (ECF No. 136.)  The court will address the status of the *Wilson* matter following final approval of the settlement agreement in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. On or before January 15, 2015, the parties shall show cause in writing why the notice to the *Hecker* class should not be posted forthwith in all inpatient program units in which members of the *Coleman* class are housed or, in the alternative, certify by declaration that such notice has been posted.

2. On or before January 23, 2015, the parties shall file in this action and in *Coleman v. Brown* an agreed revised notice to the *Coleman* class.

3. On or before January 15, 2015, plaintiffs shall either request voluntary dismissal of named plaintiffs Robert Hecker, Christopher Lee Jenkins, Ying Watt, Askia Ashanti, Daniel Hunley, Michael Lovelace, Samuel D'Angelo, Jr., and Jon Schooley or show cause in writing why said plaintiffs should not be dismissed from this action.  In addition, by the same date plaintiffs shall clarify whether named plaintiffs John Mueller and Quinton Gray are currently incarcerated.

SO ORDERED.

DATED:  December 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

in 2013; the second amended complaint was filed in 2006.

3