UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HECKER, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>       Defendants. | Case No. 2:05-CV-02441 KJM-DAD<br><br>**ORDER FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT** |
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>       Defendants. | Case No. 2:90-CV-00520-KJM-DAD |

[1377603-1]

ORDER FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

1    WHEREAS, the parties filed a Joint Motion for Preliminary Approval of Settlement
2 Agreement (the "Joint Motion") and supporting pleadings on August 5, 2014; and
3    WHEREAS, the Court has reviewed the Joint Motion and supporting pleadings
4 thereto; and
5    WHEREAS, on August 7, 2014, the Court preliminarily approved of the Settlement
6 Agreement submitted as part of the Joint Motion (the "Settlement"), and ordered that
7 notice of the proposed settlement be disseminated to the Plaintiff Class within thirty days
8 of the August 7, 2014 order; and
9    WHEREAS, as of September 8, 2014, the California Department of Corrections and
10 Rehabilitation (CDCR) posted the Settlement Notice in all housing units and libraries of
11 each CDCR prison.
12    WHEREAS the August 7, 2014 Order required that any objections to the Settlement
13 be sent to the Court and postmarked by November 7, 2014, and the Court did not receive
14 any objections to the Settlement.
15    WHEREAS, on December 8, 2014, this matter came before the Court for hearing
16 pursuant to Federal Rule of Civil Procedure 23(e) and the Order of this Court dated
17 August 7, 2014, to consider final approval of the proposed settlement set forth in the
18 parties Joint Motion, with no objectors appearing at the hearing;
19    WHEREAS, on January 16, 2015, the Court approved a modified notice to the class
20 and ordered it posted not later than January 22, 2015 in all inpatient mental health units
21 operated by the California Department of Corrections and Rehabilitation and the
22 Department of State Hospitals in which class members may be housed;
23    WHEREAS, on January 22, 2015, counsel for Defendants filed certification that the
24 January 16, 2015 Order had been complied with; and
25    WHEREAS, due and adequate notice having been given to the Plaintiff Class
26 defined below as required by the Court's August 7, 2014 and January 16, 2015 Orders and
27 the Court having considered all papers filed and proceedings in this case, the pleadings and
28 papers filed in support of preliminary approval of the Settlement, and otherwise being fully

informed regarding this litigation and good cause appearing therefore; the Court now finds and orders as follows:

**FINDINGS**

1.  The Court finds that the proposed settlement is the product of arm's-length, serious, and non-collusive negotiations between experienced and knowledgeable counsel for the Plaintiff Class and Defendants, who have actively and competently prosecuted and defended this litigation.

2.  The Court finds that distribution of notice to the class has been completed in conformance with the Court's August 7, 2014 and January 16, 2015 Orders and that no class member objected to the proposed settlement.

3.  The Court, having carefully considered the Settlement set forth in the parties' Joint Motion and supporting documents filed August 5, 2014, finds that the Settlement is fair, adequate and reasonable, and further finds that the benefit to the Plaintiff Class supports final approval of the proposed settlement in light of all of the relevant considerations.

**IT IS HEREBY ORDERED THAT:**

1.  This action is determined to be properly maintained as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, with an injunctive relief settlement class consisting of all present and future CDCR inmates with psychiatric conditions that are disabilities as defined by the Americans with Disability Act (ADA) and the Rehabilitation Act, and who are allegedly excluded and/or screened out from any prison program, service, or activity on the basis of their psychiatric disability status.

2.  This Court has jurisdiction over the subject matter of this litigation and over all parties to the action, including all members of the Plaintiff Class as defined above.

3.  The notices disseminated to the Plaintiff Class as described in Paragraphs 6 through 8 of the Court's August 7, 2014 Order constituted the best notice practicable under the circumstances. Said notices provided due and adequate notice of proceedings for

1  approval of the Settlement and of the matters set forth therein, including the proposed
2  Settlement set forth in the Joint Motion, to all persons entitled to such notice, and said
3  notices fully satisfied the requirements of Rule 23(e) of the Federal Rules of Civil
4  Procedure, the Constitution of the United States, due process and any other applicable
5  rule(s) of this Court.

6      4.     A district court's role in reviewing the substance of a class action settlement
7  under Rule 23 is to ensure that it is 'fair, adequate, and free from collusion.'" *Lane v.*
8  *Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 8 (2013)
9  (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)).  The Court finds
10 that in all respects the settlement in this case is fair, adequate, and free from collusion, and
11 that all of the relevant *Hanlon* factors weigh in favor of granting final approval in this case.
12 *See Hanlon*, 150 F.3d 1011 at 1026.  The Court thus grants final approval of the settlement
13 pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

14      5.     The parties' Settlement Agreement, attached as **Exhibit A[1],** is granted final
15 approval and incorporated by reference, and has the full force and effect of an order of this
16 Court.  The Court orders that the matters addressed in Paragraphs 21 and 22 of the
17 Settlement Agreement are hereby incorporated into the *Coleman* Remedial Process, and
18 that the *Coleman* Special Master shall have the power to monitor and enforce the parties'
19 agreements on these issues.  The Court orders the *Coleman* Special Master to oversee the
20 process of amending the Program Guide to incorporate the changes required by the
21 Settlement Agreement, and hereby orders the *Coleman* Special Master to work with the
22 parties through the *Coleman* remedial process to promptly attempt to resolve the remaining
23 issues described in Paragraphs 21 and 22 of the Settlement Agreement.

---

[1] At the December 8, 2014 hearing the parties confirmed that the Settlement Agreement executed by defendant Dr. Jeffrey A. Beard on August 4, 2014, appended at page 13(A) of Exhibit A to this order, also included paragraphs 35 through 39 of the Settlement Agreement approved by this order.

6.	The Court in *Coleman* will hereafter have jurisdiction to enforce and administer the Settlement Agreement, including resolving disputes arising under Paragraph 23 of the Settlement Agreement regarding allegations of disability discrimination against class members or the exclusion of class members from Defendants' programs and services on the basis of disability.  For purposes of resolving disputes regarding discrimination against or the exclusion of class members from Defendants' programs and services on the basis of a disability, the *Coleman* Court will address whether the specific systemic policies, practices and procedures identified under Paragraphs 21 and 22 of the Settlement Agreement violate the ADA and Rehabilitation Act, and if so what prospective relief is appropriate.  The *Coleman* Court shall have jurisdiction to resolve any dispute regarding attorneys' fees as set forth in Paragraph 30 of the Settlement Agreement.

7.	The revised *Coleman* notice agreed to by the Parties filed on January 23, 2015, attached as **Exhibit B,** is approved.  Within ten days from the date of this order the revised *Coleman* notice shall be posted in all thirty-four California Department of Corrections and Rehabilitation institutions and in all California Department of Corrections and Rehabilitation and Department of State Hospital inpatient mental health units in which members of the *Coleman* class are housed.  Defendants shall serve on Plaintiffs' counsel a declaration affirming that the revised *Coleman* notice was published as required in this order.

8.	The *Hecker* action is hereby dismissed with prejudice except as to claims regarding assignment of (MHSDS) inmates to fire/conservation camps, as described in Paragraph 25 of the Settlement Agreement, which are dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  March 2, 2015.

_____
UNITED STATES DISTRICT JUDGE